**In re Kerry CHUKES, Debtor.**

**No. 03–1571.**

United States Bankruptcy Court,
District of Columbia.

March 1, 2004.

Cynthia A. Niklas, Washington, DC, Chapter 13 Trustee.

Michael R. Murphey, Washington, DC, for Debtor.

*ORDER DENYING MOTION TO AVOID LIEN OF CITIFI-NANCIAL, INC.*

S. MARTIN TEEL, JR., Bankruptcy Judge.

■ The debtor seeks by an unopposed motion to avoid the lien of Citifinancial, Inc., on the basis that a senior lien exceeds the value of the collateral. The Federal Rules of Bankruptcy Procedure require the court to deny the motion because Rule 7003 requires that a proceeding that is an adversary proceeding must be commenced by a complaint.

■ Rule 3012 provides:

The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest . . . .

However, Rule 7001 provides:

An adversary proceeding is governed by the rules of this part VII. The following are adversary proceedings:

. . .

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)[.]

The Advisory Committee Note (1983) to Rule 3012 states that "[a]n adversary proceeding is commenced when the validity, priority, or extent of a lien is at issue as prescribed by Rule 7001," and characterizes such matters as "relevant to the basis of the lien itself" in contrast to valuation under Rule 3012. In other words, if the relief sought in the proceeding turns in part on the priority of the lien, the proceeding is an adversary proceeding by reason of Rule 7001(2), and it must be commenced by the filing of a complaint under Rule 7003, not a motion under Rule 3012. Thus, a Rule 3012 motion:

- may be used to determine the value of the collateral encumbered by a creditor's lien, and to declare the claim unsecured to the extent that the collateral is worth less than the amount of the claim,
- but may not be used to determine that the claim is unsecured based on senior liens that exceed the value of the collateral (or based on the extent or validity of the creditor's lien).

Accordingly, it is

ORDERED that the Motion to Avoid Lien of Citifinancial, Inc. is DENIED WITHOUT PREJUDICE.